

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,669-01

**EX PARTE ANTHONY JOSEPH LARRY, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 5214 IN THE 8TH DISTRICT COURT
### FROM RAINS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of controlled substance and sentenced to sixty years' imprisonment. The Twelfth Court of Appeals affirmed his conviction. *Larry v. State*, No. 12-13-00072-CR (Tex. App.—Tyler May 30, 2014) (not designated for publication).

Applicant contends, among other things, that his trial counsel rendered ineffective assistance because he misadvised Applicant of the likelihood of an acquittal and did not present mitigating evidence at punishment.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Argent*, 393 S.W.3d 781, 784 (Tex. Crim. App. 2013). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make specific findings addressing the advice counsel gave Applicant with respect to any plea offers and the viability of a jury trial. If the trial court finds that counsel erred in advising Applicant about any plea offers, the trial court shall also make findings detailing whether there is a reasonable probability that: (1) he would have accepted the offer; (2) the prosecution would not have withdrawn the offer; and (3) the trial court would not have refused to accept the plea bargain. The trial court shall also make findings of fact addressing Applicant's claim that counsel was ineffective for not presenting mitigation testimony from Applicant's family members at the punishment phase of the trial. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: October 7, 2015
Do not publish